UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


AARON GONZALEZ #967783,

       Plaintiff,

                                     Hon. Hala Y. Jarbou

v.

                                     Case No. 1:24-cv-00645

LEONCIE MUKARURINDA,

       Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 58).  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted in part and denied in part and that this action be terminated.

## BACKGROUND

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Saginaw Correctional Facility (MSP) in Freeland, Saginaw County, Michigan, but the events underlying this lawsuit allegedly occurred at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan.  Plaintiff sues Leoncie Mukarurinda, an ICF nurse practitioner, in her individual capacity. (ECF No. 1, PageID.2).

In his complaint, Plaintiff alleges the following.  (ECF No. 1).  In February 2023, Plaintiff was transferred to ICF "for [a] medical procedure regarding a torn

ACL and torn meniscus in [Plaintiff's] right knee." (ECF No. 1, PageID.3).  At ICF Plaintiff was seen by Defendant.  (*Id.*).  Plaintiff requested a knee brace and a higher dosage of pain medication.  (*Id.*).  Defendant denied Plaintiff's request for a knee brace but modified his medication.  (*Id.*).  "[S]ome months" later, Plaintiff again requested a higher dosage of pain medication, which Defendant denied.  (*Id.*).  Plaintiff sent multiple kites to Defendant "as the months passed" but was referred to nurses who "could not do anything for [Plaintiff]."  (*Id.*).  Plaintiff underwent surgery in "May/June 2024," and "due to lack of proper medical attention by NP Mukarurinda[,] [Plaintiff's] meniscus was removed[,] and there was nothing that could be done to [Plaintiff's] ACL in [his] right knee due to build up of scar tissue."  (*Id.*).  Plaintiff "will no longer have full operational motion of [his] right knee and will eventually have to get [a] knee replacement."  (*Id.*).  Defendant "failed to give [Plaintiff] proper medical treatment and accommodate [his] medical needs" by "refusing to schedule [Plaintiff] for [a] medical review regarding [his] injury."  (*Id.*).  Defendant "failed at her duties as a qualified health professional" in violation of Plaintiff's Eighth Amendment rights.  (*Id.*).  Plaintiff seeks monetary relief.  (ECF No. 1, PageID.4).

Defendant now moves for summary judgment on exhaustion grounds and on the merits of Plaintiff's Eighth Amendment claims.  (ECF No. 58).  Plaintiff did not respond to the motion.  The Court finds that oral argument is unnecessary.  *See* W.D. Mich. LCivR 7.2(d).

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case."  *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case."  *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).  Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial."  *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).  The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient.  *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Amini*, 440 F.3d at 357.  The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence," establishing that "there is a genuine issue for trial."  *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).  Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope

3

that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d at 474.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Regarding Plaintiff's failure to respond to the motion for summary judgment, "[e]ven when faced with an unopposed motion for summary judgment, the district court cannot grant a motion for summary judgment without first considering supporting evidence and determining whether the movant has met its burden." *Byrne*

4

*v. CSX Transp., Inc.*, 541 F. App'x 672, 675 (2013); *see also Delphi Auto. Sys., LLC v. United Plastics, Inc.*, 418 F. App'x 374, 380-81 (6th Cir. 2011) (quoting *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)) ("[A] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded.  The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden.").  That said, when a motion for summary judgment is unopposed, "[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 405 (6th Cir. 1992).  "The court may rely on the moving party's unrebutted recitation of the evidence in reaching a conclusion that facts are uncontroverted and that there is no genuine issue of material fact." *Jones v. Kimberly-Clark Corp.*, 238 F.3d 421 (6th Cir. 2000) (table).

## ANALYSIS

### I. Exhaustion

The question of whether Plaintiff properly exhausted his Eighth Amendment claims against Defendant is a threshold issue that must be resolved before the Court can rule on Defendant's motion for summary judgment on the merits of Plaintiff's Eighth Amendment claims. *See Jones v. Bock*, 549 U.S. 199, 203 (2007).  ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought into court."); *see also Doe v. Mich. Dep't of Corrs.*, No. 13-14356, 2016 WL 465496, at *12 (E.D. Mich. Feb. 8, 2016) ("Exhaustion is a threshold

issue of judicial administration that this court 'must address to determine whether litigation is being conducted in the right forum at the right time.' ") (quoting *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010)).

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action regarding prison conditions under 42 U.S.C. § 1983 must first exhaust his administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). This obligation only extends, however, to such administrative remedies as are available. *Ross v. Blake*, 578 U.S. 632, 642 (2016) (a prisoner "must exhaust available remedies but need not exhaust unavailable ones").

Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA," which the defendant bears the burden of establishing. *Ibid.*

With respect to what constitutes proper exhaustion, the Supreme Court has stated that the PLRA exhaustion requirement requires "proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner must attempt to resolve the issue with staff, unless prevented by circumstances beyond his control, or the issue falls within the jurisdiction of Internal Affairs. MDOC Policy Directive 03.02.130 ¶ W (Sept. 25, 2023). The prisoner must attempt to resolve the matter within two days of becoming aware that there exists a grievable issue. (*Id.*).

If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance, but such must be submitted within five business days after attempting to resolve the matter with staff. MDOC Policy Directive 03.02.130 ¶ CC (Sept. 25, 2023). The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." MDOC Policy Directive 03.02.130 ¶ Y (Sept. 25, 2023).

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. MDOC Policy Directive 03.02.130 ¶ JJ (Sept. 25, 2023). If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. MDOC Policy Directive 03.02.130 ¶ NN (Sept. 25, 2023).

In her motion for summary judgment, Defendant provides evidence that Plaintiff pursued one grievance through Step III about the alleged events that also

names her: Grievance ICF-23-10-1105-28A.[1]

Grievance ICF-23-10-1105-28A does not establish that Plaintiff has properly exhausted his claims against Defendant.  On October 26, 2023, Plaintiff submitted Grievance ICF-23-10-1105-28A, alleging that Defendant "refused to give [Plaintiff] any kind of medical care," including a knee brace and pain medication.  (ECF No. 58-3, PageID.417).  The Step I grievance was rejected because it was "a duplicate of another grievance that ha[d] already been processed," Grievance ICF-23-06-0560-28B.  (ECF No. 58-3, PageID.417-18).  Plaintiff appealed to Step II, in which the rejection was upheld.  (ECF No. 58-3, PageID.415-16).  Plaintiff also appealed to Step III, but the rejection was again upheld.  (ECF No. 58-3, PageID.414-15).

Defendant Buchanan argues that Grievance ICF-23-10-1105-28A was properly rejected.  (ECF No. 58, PageID.234).  The Court disagrees.  A grievance may be rejected if "[i]t raises issues that are duplicative of those raised in another grievance filed by the grievant."  MDOC Policy Directive 03.02.130 ¶¶ P(2) (Sept. 25, 2023).  But, "to carry [her] summary-judgment burden, Defendant[ ] must compare the issues grieved in the first grievance to those grieved in the . . . allegedly-duplicate grievances and show that every reasonable jury would think the rejections were

---

[1] To exhaust a claim, *inter alia*, the grievance must identify an individual and the issues therein must match the allegations in the complaint.  *See Rosencrantz v. Schmalbach*, No. 1:24-CV-886, 2025 WL 4082253, at *3 (W.D. Mich. Dec. 26, 2025*)* ("It is well understood that if a prisoner identifies by name a specific individual in a Step I grievance, that grievance can serve to exhaust claims only as to the individual named in the Step I grievance."); *see also Smith v. Washington*, No. 24-12652, 2025 WL 2947014, at *4 (E.D. Mich. Aug. 29, 2025) ("To exhaust a claim under the PLRA, an incarcerated person's grievance claim must match the issue(s) found in the individual's § 1983 complaint.").

proper." *Johannes v. Washington*, No. 14-11691, 2016 WL 1253266, at *6 (E.D. Mich. Mar. 31, 2016).  Defendant has not provided the Court with a copy of the second grievance, merely noting that Plaintiff seemingly did not pursue the original grievance, Grievance ICF-23-06-0560-28B, through Step III.    (ECF No. 58, PageID.233).  Accordingly, Defendant fails to demonstrate that Grievance ICF-23-10-1105-28A was duplicative and fails to establish that Plaintiff has not exhausted his claim against her.  The Court should deny summary judgment on exhaustion grounds.

### II. Merits

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes.  U.S. CONST. amend. VIII. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency."  *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981).  The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain."  *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).  The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; see also *Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998).  The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted).  Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual

punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.' " *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347).

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with " 'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (applying deliberate indifference standard to medical claims). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35-37.

**A. Objective Component**

To satisfy the objective prong, "the plaintiff must allege that the medical need at issue is 'sufficiently serious.' " *McDuff v. Coleman*, No. 4:23-CV-11739, 2026 WL 680985, at *3 (E.D. Mich. Jan. 29, 2026) (citation omitted). To establish a sufficiently serious medical need, a plaintiff can assert a theory of: (1) inadequate treatment; or (2) the failure to treat an obviously serious medical condition. The Sixth Circuit distinguished between "cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011).

Here, Plaintiff alleges inadequate on-going treatment, so he must show care "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be

intolerable to fundamental fairness." *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018). Plaintiff must present enough evidence for a factfinder "to evaluate the adequacy of the treatment," and "the severity of the harm caused by the allegedly inadequate treatment." *Id.* This often requires expert medical testimony showing the medical necessity of Plaintiff's desired treatment and the inadequacy of the received treatments. *Id.* "The plaintiff must also 'place verifying medical evidence in the record to establish the detrimental effect' of the inadequate treatment." *Id.*

Defendant argues that she provided Plaintiff at least some treatment for his knee, so he must present expert medical testimony to establish the detrimental effect of the allegedly inadequate treatment or the detrimental effect of the delay, and he has failed to do so. (ECF No. 58, PageID.227-30). The Court agrees with Defendant that Plaintiff must provide verifying medical evidence that his medical need was not addressed in a reasonable time frame, and medical evidence of the detrimental effect of the delay. Because Plaintiff fails to provide verifying medical evidence that a delay in treatment caused scar tissue buildup, hindering the "operational motion" of Plaintiff's knee, he cannot satisfy the objective component of her case.

### B. Subjective Component

Although Plaintiff's failure to satisfy the objective component is fatal to his claim, the Court addresses the subjective component of the analysis for completeness.

Under the subjective prong, an official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. "Where a prisoner has received some medical attention and the dispute is over the adequacy of

the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). "A disagreement over the course of treatment is insufficient to state a cause of action under 42 U.S.C. § 1983." *Clark v. Gardner*, 895 F.2d 1412 (6th Cir. 1990).

Defendant argues that Plaintiff failed to provide evidence that she was deliberately indifferent to his medical needs. (ECF No. 58, PageID.230). In support of her motion, Defendant provides evidence through her affidavit and Plaintiff's medical records that she increased and renewed Plaintiff's pain medication and that Plaintiff never complained about his knee sleeve to her nor requested a different one. (ECF No. 58-1, PageID.275, 308, 314-15, ECF No. 58-2, PageID.401-02). Plaintiff has not provided evidence to the contrary. Accordingly, Defendant demonstrates that Plaintiff has failed to create a genuine issue of material fact, and, regarding the merits of Plaintiff's claims, Defendant's motion for summary judgment should be granted.

**CONCLUSION**

For the reasons stated herein, the undersigned judicial officer recommends that Defendant's Motion for Summary Judgment (ECF No. 58) be granted in part and denied in part and that this action be terminated. Defendant's motion should be granted on the merits of Plaintiff's claims and denied on exhaustion grounds. For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous and not in good faith. *Coppedge v. United*

12

*States*, 369 U.S. 438, 445 (1962).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

DATED: April 8, 2026                                    /s/ Phillip J. Green
                                                        PHILLIP J. GREEN
                                                        United States Magistrate Judge